

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,467-01

### EX PARTE STANLEY ORSON MOZEE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W99-02631-R(A) IN THE 265TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder and sentenced to life imprisonment. The Fifth Court of Appeals affirmed his conviction. *Mozee v. State*, No. 05-00-01260-CR (Tex. App.—Dallas Dec. 14, 2001) (not designated for publication).

This Court received Applicant's Application for a Writ of Habeas Corpus filed in the trial court on September 11, 2014. Applicant claimed, among other things, that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963). He argued that the State did not disclose agreements it had made

with jailhouse informants regarding the resolution of pending charges or the reduction of a sentence in exchange for these informants' testimony at his trial. The trial court and the State agreed that Applicant was entitled to relief under *Brady*. This Court remanded the habeas application to the trial court to provide the trial prosecutor an opportunity to respond to Applicant's *Brady* claim.

On October 26 and 27, 2015, the trial court held an evidentiary hearing at which the trial prosecutor testified. Additional evidence was also presented. The district clerk has not yet supplemented the habeas record with the reporter's transcription of the hearings. This Court has only received a supplement containing the trial court's findings of fact, which conclude that there was no *Brady* violation. Both Applicant and the State object to the findings, arguing that the findings are not supported by the habeas record.

The State also indicates that it has discovered additional exculpatory evidence which it believes further supports Applicant's claims and impeaches the trial prosecutor's habeas testimony. Applicant and the State also argue that a recent case from the United States Supreme Court, *Wearry v. Cain*, 577 U.S. ___, 136 S. Ct. 1002 (2016), "provides guidance to the courts on issues concerning suppression of exculpatory evidence related to informants," and ask that the habeas application be remanded for further consideration of Applicant's *Brady* claim in light of the additional evidence and the *Wearry* opinion.

Additionally, the parties indicate that Applicant filed an Amended Application for a Writ of Habeas Corpus in the trial court on November 4, 2015, and a Second Amended Application for a Writ of Habeas Corpus on January 15, 2016, along with attached exhibits. It appears that Applicant has raised additional claims, but the District Clerk has not supplemented the habeas record with any additional filings.

This Court remands the habeas application to the trial court. The trial court shall determine whether there have been additional habeas filings, and it shall determine what factual issues remain controverted, including, but not limited to, whether there are unresolved *Brady* issues, unresolved false testimony issues, and unresolved ineffective assistance of trial counsel issues. The trial court shall make additional findings of fact and conclusions of law to resolve any controverted issues. The trial court shall also make any other supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.[1]

Also, if there have been additional habeas filings, the trial court shall order the district clerk to supplement the habeas record with those filings and their exhibits. If there are no such additional habeas filings, then the trial court shall inform this Court. The trial court shall also order the district clerk to supplement the habeas record with a copy of the transcription from the habeas hearing already conducted.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 14, 2016
Do not publish

---

[1] To resolve the controverted issues, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). It appears that Applicant continues to be represented by habeas counsel. If the trial court determines he is not represented by counsel and elects to hold a hearing, it shall then determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.